# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LENORA LYNN WESTHUSING, | ) |
| Plaintiff, | ) |
| v. | ) No. 03-0593-CV-W-FJG |
| RICHARD A. KOEHLER, et al., | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion to Set Aside the Judgment (Doc. # 138).

Plaintiff moves to set aside the Judgment of April 15, 2005 and the verbal settlement of April 4, 2005. Plaintiff asserts that the judgment is void pursuant to Fed.R.Civ.P. 60(b)(4) and also states that there are sufficient reasons to justify relief from the operation of the judgment pursuant to subpart (6).

## I. BACKGROUND

Plaintiff initially brought a 42 U.S.C. § 1983 action against Hugh Jenkins, Sandra Silver, Casey Norwat, Richard Koehler, Duane Diehl, Larry Houston and Vicki Conley. Plaintiff alleged that these defendants entered into a civil conspiracy to violate her constitutional rights. On March 17, 2005, defendants Duane Diehl, Larry Houston and Vicki Conley's motions for summary judgment were granted. As a result, three defendants remained in the case which was set to go to trial on April 4, 2005. The attorneys for the remaining parties met with the Court in Chambers to discuss last

minute issues before the trial began. At the close of the conference, counsel for defendant Hugh Jenkins, raised the issue of settlement. The Court allowed the parties time to discuss the possibility of settlement amongst themselves. Plaintiff's counsel, Mr. Johns, also privately discussed the possibility of settlement with the plaintiff. After a series of negotiations, the parties announced to the Court that a settlement had been reached. Plaintiff's counsel, in the presence of the plaintiff and defendants Hugh Jenkins, Sandra Silver and Casey Norwat, confirmed the settlement on the record:

The Court: Okay. Gentleman, I have been advised that there has been a negotiated settlement reached in this case. Mr. Johns.

Mr. Johns: Yes, Your Honor. It's our understanding – well, the resolution that we have reached is that the court will enter a judgment in this case in favor of the plaintiff and against Hugh Jenkins in the sum of $40,000 with their consent.

Mr. Baker: David Baker, on behalf of Hugh Jenkins. That is my understanding, also. It is also my understanding that the $40,000 is inclusive of all attorney's fees and costs. It's the whole kit and kaboodle.

Mr. Johns: That's correct. And the other item, there will be a mutual release among all the other parties. This will be a complete and final resolution of any other actions arising from this.

Mr. Henson: Keith Henson on behalf of Sandra Silver. It is my understanding that is the negotiated settlement that has been recited to the court and the record, and also that Mr. Johns on behalf of the plaintiff will dismiss Sandra Silver from this lawsuit when we have made the settlement consideration, with prejudice, bearing their own attorneys's fees and costs.

Mr. Johns: Correct.

Mr. Cannon: Rocky Cannon. That is also my understanding of the agreement and at the end of it, my client, Casey Norwat, will be dismissed with prejudice from this case.

Mr. Johns: Agreed.

The Court: All right. Thank you.

Pursuant to the agreement, attorney David Baker on behalf of defendant Jenkins,

filed a consent to judgment which stated: "Comes now Defendant Jenkins, by and through his undersigned counsel of record, and while he denies any and all liability or wrongdoing, hereby consents to allow judgment in the amount of *Forty Thousand and no/100 Dollars ($40,000.00)*, inclusive of attorney's fees and costs, to be taken against him in an effort to achieve a settlement and resolution of this matter." Thereafter, on April 15, 2005, the Court entered judgment in accordance with the Consent Judgment. On April 22, 2005, counsel for Sandra Silver forwarded to plaintiff's counsel a Settlement Agreement and Mutual and Full Release of All Claims for execution by plaintiff. However, plaintiff has refused to sign the Settlement Agreement. On May 5, 2005, plaintiff's newly retained counsel filed the instant Motion to Set Aside the Judgment.

## II. STANDARD

Fed.R.Civ.P. 60(b) states in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: . . .(4) the judgement is void; . . . (6) any other reason justifying relief from the operation of the judgment.

## III. DISCUSSION

Plaintiff offers two reasons justifying her request to set aside the Judgment of the Court: 1) Counsel was not authorized to enter into any settlement; and 2) there was no meeting of the minds as to the material terms of the settlement.

**A. Authority of Mr. Johns**

Plaintiff argues that her attorney did not have express authority to settle the case. She states that at no time prior to April 4, 2005, did she authorize settlement. In her

3

Declaration she states that before April 4, 2005 she had several conversations with Mr. Johns concerning settlement but that she repeatedly told him that she did not want to settle. Additionally, she states that during the weekend before trial, Mr. Johns again told her that the defendants had offered to settle, but she informed him that she was not interested. Plaintiff states that on the day of trial, Mr. Johns told her that the Judge would not allow the case to go to trial and that she had to accept $35,000 or her alternative would be to receive nothing. Plaintiff states that she again told Mr. Johns that she did not want to settle. Plaintiff states that she went back into the courtroom with Mr. Johns and that as the attorneys discussed the case, she sat at counsel table crying. Plaintiff states that she was very upset, but did not know what to do. Plaintiff stated, "I had been sold out by my own lawyer, he had not done what I had asked him to do, and he had told me that I had no choice because the Judge was not going to allow my case to go to trial." (Plaintiff's Declaration, p. 4). Plaintiff also states that on April 4, 2005 Mr. Johns did not mention anything about releases.

Plaintiff argues that Mr. Johns had to have express authority from her to settle the case. Plaintiff admits that where an attorney claims to have settled a case, there is a presumption of express authority. However, she states that a client can rebut this presumption by showing, through a preponderance of the evidence that the attorney did not have express authority.

Defendant Norwat argues in response that there is no question that Mr. Johns had express authority to settle the case, plaintiff was in the courtroom when the settlement was announced, yet she did not interrupt her attorney, she did not ask to speak to the Court, nor did she make any indication that she did not agree to the terms

4

of the settlement. Additionally, defendant Jenkins notes that courts have stated that a client has a "'heavy burden' to establish that an attorney acted 'without any kind of authority' in agreeing to a settlement." (Jenkins' Opposition, p. 2, quoting, Surety Insur. Co. v. Williams, 729 F.2d 581, 583 (8th Cir. 1984)). Defendant Silver states that Mr. Johns had actual, apparent, implied and express authority to settle the case.

In her reply, plaintiff argues that she has adduced sufficient evidence to warrant a hearing on her motion with regard to the issue of whether her attorney had authority to settle the case. In support of her argument that she is entitled to a hearing, she cites Surety Insur Co., 729 F.2d 581. In that case, the Eighth Circuit reversed the district court because the district court denied the motion to vacate without conducting an evidentiary hearing. Id. at 582. The Eighth Circuit reversed and remanded the case for an evidentiary hearing.

In McEnany v. West Delaware County Comm. School Dist., 844 F.Supp. 523 (N.D.Iowa 1994), the court stated:

> A settlement entered into by a party's attorney may be set aside if there is evidence that the attorney lacked the authority to settle the case on the party's behalf.
> Although an attorney is presumed to possess authority to act on behalf of the client, a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry. . . . An attorney must have express authority to settle a case on a client's behalf. . . . An attorney's authority to settle a case can be created by written or spoken works or the conduct of the principal which, reasonably interpreted, causes an agent to believe that the principal desires the attorney to act in a particular manner on the principal's behalf. . . . Once it is shown, however, that an attorney has entered into an agreement to settle a case, the party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given. . . . This is a heavy burden.

Id. at 529-530 (internal citations and quotations omitted). In that case, the Court noted

5

that during mediated settlement negotiations, plaintiff's counsel "made several manifestations to the defendants and to the mediator sufficient to create [her attorney's] apparent authority to settle this matter on her behalf." Id. at 530, n.4. Plaintiff in that case attended the mediation session with her counsel, she allowed him to talk to the defendants and the mediator outside of her presence, she allowed him to conduct negotiations with the mediator and acceded to the settlement that he had negotiated for her in the presence of the mediator. The Court observed that the plaintiff should have realized that her conduct "was likely to create a belief on the part of third parties that [her attorney] had authority to settle the case on her behalf." Id. The Court also noted that plaintiff in that case expressly created her attorney's authority to settle in the final session with the mediator and her attorney when she stated, "I guess I better do what my attorney says." Id. at 530. In that case, plaintiff argued that her agreement to settle had been coerced by her attorney and the mediator, that they had ignored issues of significance to her and that they had coerced her with threats that they would withdraw from the case if she did not go forward with the settlement. The Court in McEnany noted that the Eighth Circuit had not dealt with a case before in which a party alleged that a settlement was the result of coercion or undue influence by one's own attorney. However, the Court observed that two other courts had addressed the issue: Macktal v. Secretary of Labor, 923 F.2d 1150 (5th Cir. 1991) and Janneh v. GAF Corp, 887 F.2d 432 (2d Cir. 1989). In neither of those cases did the Courts void the settlements based on the plaintiff's allegations that they were coerced into settling their cases. Similarly, in McEnany, the Court concluded that the plaintiff had not been coerced into agreeing to settle the case. The Court stated:

6

>the decisive factor is not whether plaintiff now feels coerced into settlement; instead, the decisive factors are whether there was sufficient authority to enter into the agreement and whether the opposing party should be deprived of the benefits of the settlement agreement negotiated. The court has concluded that [plaintiff's counsel] had express authority to settle the case. The parties should not be deprived of the benefits of the settlement agreement on the ground that one of the parties now rejects it as inadequate . . . or as the product of coercion.

Id. at 531 (citations omitted).

In the instant case, based on the parties pleadings that have been filed and the declarations that have been submitted, the Court does not feel it is necessary to hold an evidentiary hearing. In Stewart v. M.D.F. Inc., 83 F.3d 247 (8th Cir. 1996), the Court stated:

>as a general rule, an evidentiary hearing should be held when there is a substantial factual dispute over the existence or terms of a settlement. . . . But this rule presupposes that there are essential issues of fact that can only be properly resolved by such a hearing. . . . There is no automatic entitlement to an evidentiary hearing simply because the motion concerns a settlement agreement.

Id. at 251.

In the instant case, the Court does not feel that there are factual issue that require resolution through a hearing. The Court finds that Mr. Johns had express authority to settle the case on plaintiff's behalf. Plaintiff allowed Mr. Johns to discuss the issue with opposing counsel outside her presence, she discussed the issue with her counsel for a lengthy period and most significantly, she sat in court while her attorney recited the terms of the settlement to the Court on the record. Plaintiff's actions in participating in the discussions with Mr. Johns and also in choosing to remain silent while in court gave Mr. Johns the express authority to settle her case. The Court does

not find that plaintiff has offered sufficient evidence to overcome her heavy burden of demonstrating that Mr. Johns was not authorized to settle the case.

### B. Meeting of the Minds

Plaintiff also argues that there was no meeting of the minds on the material terms of the settlement because the parties failed to agree as to which individuals were included in the settlement - only the four remaining defendants or all of the defendants against whom plaintiff had originally brought suit. Plaintiff argues that if the settlement is approved she would be required to surrender her right to appeal of the summary judgment order, but the other defendants who were granted summary judgment would give up nothing, but would retain the right to sue plaintiff for malicious prosecution. Plaintiff argues that this lack of mutuality renders the agreement void. Plaintiff argues that where material terms of the settlement, such as who is and who is not included, are left open to negotiation, there has been no meeting of the minds. In support of her argument, plaintiff relies on a declaration filed by her former attorney, Mr. Johns. In his declaration, Mr. Johns states that he conditioned any offers of settlement upon a full and complete release of all parties, including those parties in whose favor summary judgment had been granted. He states that this was to avoid any further litigation of the suit, specifically the prospect of a malicious prosecution lawsuit. Mr. Johns stated that it was made clear in chambers that the previous discussions between himself and Mr. Baker included all parties (including those in whose favor summary judgment had been granted) and that settlement of the case was reached with that understanding. (Declaration of Mr. Johns).

In response, Defendant Silver states that the terms of the agreement were clear

8

and the record confirms that judgment would be entered in favor of plaintiff and against Hugh Jenkins, in the sum of $40,000, inclusive of all attorneys' fees and costs and there would be a mutual release among all other parties, with defendants Silver and Norwat being dismissed with prejudice upon completion of the settlement, with each party to bear their own attorneys' fees and costs. Defendant Silver states that at the time of the settlement, the only other parties to the case were herself and defendant Norwat, thus they were the only other parties that could give mutual releases. Thus, defendant Silver argues that the terms of the settlement agreement are clear and unambiguous and thus the intent of the agreement should be determined from the four corners of the document.

Similarly, defendant Jenkins states that a plain reading of the term "parties" does not include individuals who had previously been dismissed from the suit by way of summary judgment. Jenkins states that once the Court issued its order on March 17, 2005 granting summary judgment to defendants Vicky Conley, Duane Diehl, Larry Houston and Richard Koehler, the effect was that there were no longer any claims pending against them and they had no right to actively participate in the trial.

Plaintiff argues that the dismissed parties remained "parties" until the summary judgment dismissal of those defendants became final. Plaintiff states that the dismissal was not final on April 4, 2005 and is not final even now as the order granting summary judgment has been appealed. Thus, plaintiff states that those individuals remain parties and have to file briefs or risk defaulting.

The Court does not agree with plaintiff's argument. The only parties left in the case when the settlement agreement was being discussed and negotiated were Norwat,

9

Silver and Jenkins. Counsel were all aware of the Court's order ruling the summary judgment motions and knew which parties had been dismissed. In <u>TCBY Systems, Inc. v. EGB Associates, Inc.</u>, 2 F.3d 288, 291 (8th Cir. 1993), <u>cert</u> <u>denied</u>, 511 U.S. 1108 (1994), the Court found that a party's misunderstanding as to the legal effect of a dismissal was not sufficient to require a hearing or to void a settlement to dismiss the complaint with prejudice. <u>See</u> <u>also</u>, <u>Christianson v. Henderson</u>, No. 4-97-CV-20826, 2000 WL 33364122, *5 (S.D.Iowa Mar. 10, 2000)(Fact that defendant's unilateral mistake was caused by its attorney did not warrant exception to rule that unilateral mistake is insufficient to rescind or reform agreement); <u>Tsironis v. Bismark Hotel</u>, 74 F.3d 1242 (7th Cir. 1996)(If plaintiff's counsel failed to adequately represent him, plaintiff is bound by his counsel's errors and it does not provide a basis for relief under Rule 60(b)).

The Court agrees and finds that the agreement was clear as to which individuals were providing mutual releases. If plaintiff or her attorney intended otherwise, they did not specify the names of the individuals on the record, as they could have done. Regardless, the Court does not find that this is a basis to void the settlement.

### IV. CONCLUSION

Accordingly, the Court hereby **DENIES** plaintiff's Motion to Set Aside the Judgment (Doc. # 138).

Date: June 6, 2005  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge